UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELICA BELEN,
et al.,

    Plaintiffs,

 v.                                  Case No. 20-CV-519

TODD BRUNNER, et al.,

    Defendants.

## ORDER SCREENING PLAINTIFFS' COMPLAINT

Angelica Belen, a prisoner proceeding *pro se*, filed a complaint in the above captioned action. Belen has also filed a petition for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 2) and a motion to appoint counsel (Docket # 6). The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the entire statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having

custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Belen sues Guardian Investment Realty, Joe Sexton, and Tri City National Bank on her own behalf, and on behalf of her minor son, Wilfredo Belen, Jr., for punitive and compensatory damages arising out of the deaths of Belen's three minor children in a house fire. (Docket # 1.) Belen alleges that the defendants violated her and Belen, Jr.'s rights under the Fourteenth Amendment by showing "deliberate indifference by negligent upkeep of a rental home we occupied which caught fire causing the wrongful deaths of 3 of my children." (*Id.* at 3.)

Unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Thus, the federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447-48 (7th Cir.2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). The court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the court's jurisdiction in matters of diversity jurisdiction. In order

2

for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

Again, Belen alleges that Guardian Investment Realty, Joe Sexton, and Tri City National Bank violated her and her son's rights under the Fourteenth Amendment. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived her of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Guardian Investment Realty, Joe Sexton, and Tri City National Bank are not government actors. Before a private party's conduct can be considered state action under 42 U.S.C. § 1983, there must be a sufficiently close nexus between the state and the private conduct so that the action may be fairly treated as that of the State itself. *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). In other words, "the state must somehow be responsible for the allegedly unlawful actions taken by the private party." *Id.* Belen alleges no facts that would indicate that the three defendants who allegedly deprived her and her son of their constitutional rights acted under color of state law. Thus, jurisdiction is not proper under 28 U.S.C. § 1331. While Belen may have a colorable claim under state law, because there is no diversity of citizenship between the parties (as both Belen and the defendants are citizens of Wisconsin) (Docket # 1 at 1–2), jurisdiction is also not proper under 28 U.S.C. § 1332.

Given the apparent lack of jurisdiction over Belen's claim, she will be afforded an opportunity to voluntarily dismiss this action to avoid paying the full filing fee under § 1915.

Thus, Belen is instructed that if she does not wish to proceed with this action, she must notify the court by filing a letter with the Clerk of Court on or before **May 11, 2020**, stating that she does not wish to prosecute this civil action. If Belen writes such a letter, this case will be dismissed without prejudice and she will not be required to pay the filing fee. If, however, Belen chooses to go forward with this action, she will be required to pay the entire filing fee pursuant to the PLRA, even if her complaint is ultimately dismissed for lack of jurisdiction.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Belen must notify the court on or before **May 11, 2020** as to whether she wishes to pursue this action.

**IT IS FURTHER ORDERED** that Belen's motion to appoint counsel (Docket # 6) is **DENIED**.

Dated at Milwaukee, Wisconsin this 21st day of April, 2020.

BY THE COURT

_s/ Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge