UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ANGELICA BELEN,**
et al.,

    **Plaintiffs,**

 v.                                          Case No. 20-CV-519

**TODD BRUNNER, et al.,**

    **Defendants.**

---

**REPORT AND RECOMMENDATION SCREENING PLAINTIFFS' COMPLAINT**

---

Angelica Belen, a prisoner proceeding *pro se*, filed a complaint in the above captioned action on behalf of herself and her minor son, Wilfredo J. Belen, Jr. Belen also filed a petition for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 2.) In reviewing the plaintiffs' complaint, I noted that it appeared the court lacked jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332 and thus allowed the plaintiffs the opportunity to voluntarily dismiss this action to avoid paying the full filing fee under 28 U.S.C. § 1915. (Docket # 7.) In response, the plaintiffs filed a response asserting that jurisdiction is proper under 28 U.S.C. § 1332 because plaintiff Wilfredo J. Belen, Jr. resides in Ohio with his father and the amount in controversy exceeds $75,000.00. (Docket # 8.) The plaintiffs still have not demonstrated jurisdiction under 28 U.S.C. § 1332. To invoke diversity jurisdiction, there must be *complete* diversity of citizenship between *all* plaintiffs and *all* defendants. "Complete diversity" means that "no plaintiff may be from the same state as any defendant." *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Plaintiff Angelica Belen brings this action on her own behalf, as well as on behalf of her minor son. (Docket # 1.)

Angelica Belen pleads that she is a citizen of Wisconsin, as is all of the defendants. (*Id.* at 1–2.) Even if one of the plaintiffs (Belen's minor son) is not a citizen of Wisconsin, diversity jurisdiction is not established unless *all* of the plaintiffs are not citizens of Wisconsin. In other words, because Angelica Belen is a plaintiff and a citizen of Wisconsin, there is no diversity jurisdiction. For these reasons, I recommend that the plaintiffs' complaint be dismissed for lack of jurisdiction.[1]

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiffs' complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

2

Case 2:20-cv-00519-JPS   Filed 05/21/20   Page 2 of 3   Document 9

Dated at Milwaukee, Wisconsin this 21st day of May, 2020.

> BY THE COURT
>
> _s/ Nancy Joseph_
> NANCY JOSEPH
> United States Magistrate Judge